UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  3:15-cv-30071-KAR

| | |
|---|---|
| KATIE KING, )<br>     )<br>          Plaintiff, )<br>     )<br>          v. )<br>     )<br> MESTEK, INC., )<br>     )<br>          Defendant. ) | Dated:  June 30, 2015 |

## DEFENDANT MESTEK, INC.'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

### I.    INTRODUCTION

This case arises out of the Plaintiff, Katie King's (hereinafter the "Plaintiff" or "King") previous employment at the Defendant, Mestek, Inc. (hereinafter "Mestek" or "Defendant").

As articulated more fully herein, Mestek moves to dismiss all claims alleged against it on various grounds, including without limitation, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  Specifically, the Plaintiff has failed to meet the minimum pleading standards articulated in *Twombly-Iqbal*, requiring her to plead facts sufficient to allege a plausible entitlement to relief.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559 (2007).  Furthermore, this Court lacks subject matter jurisdiction over certain claims, based on the Plaintiff's failure to exhaust her administrative remedies as to those claims.  Additionally, the Plaintiff has further failed to meet her burden of establishing the basis for this Court's supplemental jurisdiction over the state law claims alleged.  As such, the

Defendant respectfully requests that this Court dismiss all claims alleged against it for failure to state a claim and/or lack of subject matter jurisdiction.

## II.    ALLEGED FACTS[1]

The Plaintiff was employed by the Defendant as an assistant controller from approximately July 2012 to June 2, 2014, when her position was eliminated.    Plaintiff's Complaint (hereinafter "Compl.") ¶¶ 4, 14.

The Plaintiff was scheduled to have spinal surgery on April 22, 2014, which required her to take time off from work.  Compl. ¶¶ 5, 6.  As a result, the Plaintiff requested leave under the Family and Medical Leave Act ("FMLA").  Compl. ¶ 7.  The Defendant approved the Plaintiff's request for leave and the Plaintiff took leave from work for the period of April 22, 2014 through May 21, 2014.  Compl. ¶¶ 7, 11, 13  The Plaintiff makes no allegation that her request for FMLA leave was denied in any way or that she was otherwise prevented from taking FMLA leave.

The Plaintiff alleges that she emailed a coworker, Jeanne Moriarty, the day before she took her FMLA leave "to make sure that her duties would be taken care of" while she was on leave.  Compl. ¶¶ 8-9.  The Plaintiff alleges that Ms. Moriarty sent the plaintiff a "threatening" reply to her email.  Compl. ¶ 9.  The Plaintiff alleges that she reported said email to her supervisor, Timothy Zambelli, who responded by instructing the Plaintiff to be on-call twenty-four hours a day during her FMLA leave.  Compl. ¶ 9.

The Plaintiff alleges that she then discussed her "situation" with Matt Brown, the Defendant's human resources manager, who allegedly told the Plaintiff that she should not give

---

[1] The Defendants treat the facts as alleged in the Plaintiff's Complaint as true solely for the purposes of the instant Motion to Dismiss.

any information to anyone in the Defendant's accounting department and that the accounting department would go through human resources if it needed to get in contact with the Plaintiff. Compl. ¶ 10. The Plaintiff makes no allegation that anyone from the Defendant contacted her during her FMLA leave or that she was actually required to be on-call during the leave.

The Plaintiff had initially been approved for an FMLA of two weeks. Compl. ¶ 11. However, after a follow up visit with her physician, the Defendant extended the Plaintiff's leave for an additional two weeks. Compl. ¶ 11. The Plaintiff returned to work on or about May 21, 2014. Compl. ¶ 13.

Upon her return to work, the Plaintiff alleges that Mr. Zambelli and her coworkers "significantly interfered with the Plaintiff's ability to perform her job functions, including, but not limited to, refusing to speak to her." Compl. ¶ 13. The Plaintiff alleges that she was notified on or about June 2, 2014 that her position had been eliminated. Compl. ¶ 14.

After Paragraph 15 of the Plaintiff's Complaint, her remaining allegations are legal conclusions which are couched as fact. *See, e.g.*, Compl. ¶ 18-21 ("18. The Plaintiff is a qualified disabled/handicapped person. 19. The Plaintiff was treated adversely and was discriminated against based upon her disability/handicap. 20. The Plaintiff requested reasonable accommodations for her disability/handicap and was discriminated against based upon the same. 21. The Plaintiff's employment with the Defendant was adversely affected based upon the Plaintiff's disability/handicap.").

Consistent with the conclusory nature of the majority of the allegations of her Complaint, the Plaintiff baldly asserts that she "has satisfied the prerequisites for filing suit." Compl. ¶ 16. To be sure, the Plaintiff filed a Charge of Discrimination with the Massachusetts Commission

Against Discrimination ("MCAD") on June 5, 2014, which was also filed with the Equal Employment Opportunity Commission ("EEOC").  *See* Exhibit 1.[2]

### III.   MOTION TO DISMISS STANDARD

Motions to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) test the sufficiency of the pleadings.  Thus, when confronted with a motion to dismiss, the Court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *Cooperman v. Individual, Inc.,* 171 F.3d 43, 46 (1st Cir. 1999).  Dismissal is only appropriate if the complaint, so viewed, fails to allege a "plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Twombly*, 550 U.S. at 559).

Following the Supreme Court's decisions in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal,* whether a complaint should survive a motion to dismiss depends upon whether the pleading satisfies the "plausibility" standard.  *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 559-60.  The First Circuit has made clear, "[i]n resolving a motion to dismiss, a court should employ a two-pronged approach."  *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (applying *Iqbal* and *Twombly*).  "It should begin by identifying and disregarding statements in the complaint that merely offer 'legal conclusion[s] couched as . . . fact[ ]' or

---

[2] It is the Defendant's position that the court's review of the Plaintiff's Charge of Discrimination (the "Charge") filed with the MCAD, attached hereto, should not convert this Motion to Dismiss into a motion for summary judgment.  *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) ("Ordinarily, of course, any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56. . . However, courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.") (citations omitted); *Mena-Centeno v. Beth Israel Deaconess Med. Ctr.*, No. CIV.A. 13-12039-GAO, 2014 WL 7360418, at *1 (D. Mass. Dec. 23, 2014) (citing *Watterson*, 987 F.2d at 3) ("The plaintiff's administrative charge was attached to the defendants' memorandum and is part of the public record; it is therefore properly considered by this Court at the motion to dismiss stage.").  The Plaintiff's compliance with the procedural prerequisites to filing suit constitute a jurisdictional issue and thus, are properly before the Court at this stage.

'[t]hreadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678) (further citation omitted). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Id.* (quoting *Iqbal*, 556 U.S. at 680). The remaining "[n]on-conclusory factual allegations in the complaint must be then treated as true, even if seemingly incredible" and assessed to determine whether they "'allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal,* 556 U.S. at 678). If they do, "the claim has facial plausibility." *Id.* (quoting *Iqbal,* 556 U.S. at 678). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Id.* (quoting *Sepúlveda–Villarini v. Dep't. of Educ. of P.R.,* 628 F.3d 25, 29 (1st Cir. 2010)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir.  2012) (quoting *SEC v. Tambone,* 597 F.3d 436, 442 (1st Cir. 2010)).

IV.   **LEGAL ARGUMENT**

      A.   **All of the Plaintiff's Claims Under the ADA (Counts I, II, III, IV) Should be Dismissed as the Plaintiff Has Failed to Plead Facts Establishing that she is Entitled to Relief Under the ADA.**

            1.<u>Plaintiff Has Not Alleged Facts Sufficient to Establish  She is "Disabled" as Defined by the ADA.</u>

To recover for disability discrimination under the Americans with Disabilities Act ("ADA"), a plaintiff must show that (1) she suffers from a disability within the meaning of that statute; (2) she was, nevertheless, qualified for the job; and (3) she was discharged, in whole or in part, because of her disability. *See Lessard v. Osram Sylvania, Inc.*, 175 F.3d 193, 197 (1st

Cir. 1999).  "Disability" has three statutory definitions: "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1)).

For an ADA plaintiff to be "regarded as" disabled she must show that defendant mistakenly believed that plaintiff: (1) has a limiting impairment that plaintiff does not have, or that (2) plaintiff's actual, non-limiting impairment, limits one or more major life activities.  *See Roman–Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 49 (1st Cir. 2011). A plaintiff cannot merely show that defendant perceived her as "somehow disabled" but must prove that defendant regarded her as "disabled within the meaning of the ADA."  *Ruiz Rivera v. Pfizer Pharmaceuticals, LLC*, 521 F.3d 76, 83 (1st Cir. 2008).

The Plaintiff has not plead any facts that even suggest that she had a disability or that the Defendant regarded her as disabled.  There is no reference in the Plaintiff's Complaint to a physical or mental impairment.  While the Complaint alleges that the Plaintiff was required to "undergo spinal cord stimulator surgery", there is no indication of any physical or mental impairment from which the Plaintiff was suffering.  Further, although the Plaintiff alleges that her physician gave her restrictions of "no bending, lifting or stretching," there is no allegation that the Defendant was notified or otherwise had knowledge of such restrictions.  Compl. ¶ 11.

Aside from several legal conclusions couched as fact regarding the Plaintiff's alleged disability, the Complaint does not even suggest what that the condition is that allegedly causes the Plaintiff to be disabled.  *See, e.g.*, Compl. ¶ 18 ("The Plaintiff is a qualified disabled/handicapped person.").  For the purposes of a motion to dismiss, the Court must disregard those allegations.  *See Ocasio–Hernández*, 640 F.3d at 12 (quoting *Iqbal,* 556 U.S. at 678) (noting that courts must identify and disregard "statements in the complaint that merely

6

offer 'legal conclusion[s] couched as . . . fact[ ]' or '[t]hreadbare recitals of the elements of a cause of action.'").  Further, there are no allegations whatsoever to support an inference that the Defendant regarded the Plaintiff as disabled.

As the Plaintiff has failed to establish an essential element of her claims under the ADA, namely that she is disabled as defined by the law, her claims must fail as a matter of law.

2. Plaintiff Has Not Alleged Facts Sufficient to Establish the Defendant is an "Employer" as Defined by the ADA.

An "employer" is defined by the ADA as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person."  42 U.S.C. § 12111(5)(A).  The Supreme Court has held that "Title VII's 15–employee threshold is an element of a plaintiff's claim for relief."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502, 516 (2006).  This concept has also been extended to claims under the ADA.  *See De Jesus v. LTT Card Servs., Inc.*, 474 F.3d 16, 19 (1st Cir. 2007).

Nowhere in the Plaintiff's Complaint has she established that the Defendant is an employer as defined by the ADA.  The Plaintiff makes no reference to the amount of employees employed by Mestek and, as such, she has failed to establish an element of her claim and all of her claims under the ADA must be dismissed.

3. Plaintiff Has Failed to State a Claim of Disability Harassment Upon Which Relief Can be Granted.

Notwithstanding the previously noted defects of the Plaintiff's Complaint, the Plaintiff has failed to state a claim upon which relief can be granted for harassment based on her disability.

To prevail on a claim of disability harassment, the Plaintiff must establish that: (1) she is disabled within the meaning of the ADA; (2) she was subjected to unwelcome harassment; (3) that the harassment was based upon her disability; (4) that the harassment was severe or pervasive enough to alter the conditions of her employment and create a hostile work environment; (5) that the objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it abusive and the victim in fact did perceive it to be so, and (6) that some basis for employer liability has been established. *Whitlock v. Mac-Gray, Inc.*, No. CIV.A. 00-10546-GAO, 2002 WL 31432688, at \*3 (D. Mass. Oct. 30, 2002) *aff'd*, 345 F.3d 44 (1st Cir. 2003) (citing *O'Rourke v. City of Providence,* 235 F.3d 713, 728 (1st Cir. 2001); *Ward v. Mass. Health Research Inst.,* 48 F.Supp.2d 72, 80 (D.Mass.1999), *rev'd on other grounds,* 209 F.3d 29 (1st Cir.2000)).

To establish a hostile work environment, a plaintiff must show that her workplace was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of . . . her employment and create an abusive working environment." *Quiles-Quiles v. Henderson,* 439 F.3d 1, 7 (1st Cir. 2006) (alterations in original) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)) (internal quotation marks omitted). Case law is clear that "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment'" to establish an objectively hostile or abusive work environment. *Faragher v. City*

*of Boca Raton,* 524 U.S. 775, 788 (1998) (citation omitted) (quoting *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75 (1998)).

Additionally, the Supreme Court has emphasized that the federal employment discrimination laws do not establish "a general civility code" for the workplace. *Oncale,* 523 U.S. at 81. Rather, an employee claiming harassment must demonstrate that the hostile conduct was directed at her because of a characteristic protected by a federal anti-discrimination statute. *See id.* at 80; *Lee-Crespo v. Schering-Plough Del Caribe, Inc.,* 354 F.3d 34, 43 n.5 (1st Cir. 2003).

The Plaintiff's allegations do not rise to the level of severity or pervasiveness that is indicative of a hostile or abusive work environment. The Plaintiff alleges that one coworker sent an email that was "threatening" and that upon her return to work, the Plaintiff's ability to perform her job functions was interfered with when her coworkers refused to speak to her. Compl. ¶¶ 9, 13. Again, other than legal conclusions couched as fact, there are no other allegations that could potentially be construed as a workplace permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of her employment. *See, e.g.*, Compl. ¶ 25 ("The Plaintiff was treated adversely and was harassed based upon her disability/handicap."). The conduct alleged simply does not rise to the level of severity or pervasiveness required to support a hostile work environment harassment claim. As such, the Plaintiff's claims for harassment based on her disability must be dismissed.

**B.**   **Plaintiff's Claims for Denial of Reasonable Accommodation Under the ADA and 151B (Counts III and IX) Should be Dismissed for Lack of Jurisdiction and/or for Failure to State a Claim Upon Which Relief Can be Granted.**

1. The Court Lacks Subject Matter Jurisdiction over the Reasonable Accommodation Claims Under State and Federal Law.

"[A] claimant who seeks to recover for an asserted violation of Title I of the ADA . . . first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits ." *Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 278 (1st Cir. 1999); *see* 42 U.S.C. § 12203(c) (expressly adopting for the ADA the procedures set forth in Title VII). Additionally, "Chapter 151B require[s] an employee to file an administrative charge as a prerequisite to commencing a civil action for employment discrimination." *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir. 1996) (citing Mass. Gen. Laws ch. 151B, §§ 5-9). Civil complaints for employment discrimination are limited in scope to the charge filed with the MCAD and "'the investigation which can reasonably be expected to grow out of that charge.'" *Id.* (quoting *Powers v. Grinnell Corp.,* 915 F.2d 34, 38 (1st Cir.1990)). "Even a *pro se* complainant is required to describe the essential nature of the claim and to identify the core facts on which it rests." *Id.* (citation omitted). Where a Plaintiff fails to exhaust her administrative remedies, the court lacks subject matter jurisdiction over those claims. *See Furtado v. Standard Parking Corp.*, 820 F.Supp.2d 261, 276 (D. Mass. 2011).

Here, the Plaintiff's MCAD charge focused exclusively on her allegations of disability discrimination and retaliation. *See* Exhibit 1. The Plaintiff did not assert any allegations that would even suggest that the Defendant failed to provide her with a reasonable accommodation. *See id.* This Court has previously held that where a Plaintiff's MCAD charge focuses exclusively on a claim of disability discrimination, an accommodation claim cannot reasonably be expected to grow out of the investigation of the discrimination claim. *See id.* at 275-76 (finding that the Court did not have jurisdiction over the Plaintiff's reasonable accommodation claims as they were not within the scope of the MCAD charge, which was focused exclusively

10

on disability discrimination).  As such, the Plaintiff's failure to accommodate claims should be dismissed for lack of subject matter jurisdiction.

> 2.The Plaintiff Has Failed to State Claims for Denial of Reasonable Accommodations Upon Which Relief Can be Granted Under State and Federal Law.

Notwithstanding the Plaintiff's failure to exhaust her administrative remedies, her claims for failure to accommodate must fail as a matter of law.  To establish discrimination under a reasonable accommodation theory, a plaintiff must show: (1) she suffered from a disability as defined by the ADA and a handicap as defined by Chapter 151B; (2) she was a "qualified person" capable of performing the essential elements of her job with or without a reasonable accommodation; and (3) the employer knew of the disability but did not accommodate it upon a request.  *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002).  State law generally tracks its federal counterpart.  *Jones v. Nationwide Life Ins. Co.*, 696 F.3d 78, 86 (1st Cir. 2012).

Examining the Plaintiff's Complaint, there is simply no allegation that could be construed as a failure by the Defendant to accommodate the Plaintiff.  To the contrary, the Plaintiff alleges that she requested a medical leave, which the Defendant granted.  Compl. ¶ 11.  Further, the Plaintiff requested that her medical leave be extended, a request which was also granted by the Defendant.  *Id.*  There is not a single allegation contained in the Plaintiff's complaint that would support a finding that the Defendant failed to provide her with a requested accommodation.  As a result, the Plaintiff's state and federal claims for denial of reasonable accommodation must fail as a matter of law.

> **C.**    **All of the Plaintiff's Claims Under the FMLA (Counts V and VI) Should be Dismissed as the Plaintiff Has Failed to Plead Facts Establishing that she is Entitled to Relief Under the FMLA.**

11

"To prevail on an FMLA claim, an aggrieved worker must establish five things." *Wheeler v. Pioneer Developmental Servs., Inc.*, 349 F.Supp.2d 158, 164 (D. Mass. 2004). "First, the worker must establish that she fit the definition of an 'eligible employee.' Second, the worker must establish that she worked for an employer covered by the Act. Third, the worker has to show that she qualified for FMLA benefits for one of four statutory reasons. Fourth, the worker has to prove that she gave her employer appropriate notice. Finally, the worker has to establish that the employer denied her benefits to which the FMLA entitled her." *Id.* (citations omitted).

### 1. Plaintiff Has Not Alleged Facts Sufficient to Establish She is an "Eligible Employee" Entitled to FMLA Protections.

"A worker qualifies as an 'eligible employee' within the meaning of the FMLA if she has been employed with the employer for at least twelve months and worked for at least 1,250 hours during the previous twelve-month period." *Id.* (citing 29 U.S.C. § 2611(2)(A) (2004)).

Nowhere in the Plaintiff's Complaint has she established that the she is an eligible employee within the meaning of the FMLA. The Plaintiff makes no reference to the amount of hours worked by the employee during the twelve month period prior to her leave. As such, she has failed to establish an element of her claim and her claims under the FMLA must be dismissed.

### 2. Plaintiff Has Not Alleged Facts Sufficient to Establish that the Defendant is an "Employer" Under the FMLA.

An employer becomes bound by the FMLA if it engages in commerce, or in any industry or activity affecting commerce and employs fifty or more employees for each working day during each of twenty or more calendar work weeks in the current or previous calendar year. *Id.* (citing 29 U.S.C. § 2611(4) (2004)).

12

Nowhere in the Plaintiff's Complaint has she established that the Defendant is an employer as defined by the FMLA.   The Plaintiff does not allege that Mestek is an entity engaged in commerce or an activity affecting commerce and her Complaint makes no reference to the amount of employees employed by Mestek.   As such, she has failed to establish an element of her claim and her claims under the FMLA must be dismissed.

3. Plaintiff Has Not Alleged Facts Sufficient to Establish She Suffered From a "Serious Health Condition" as Defined by the FMLA.

The FMLA entitles an employee to twelve workweeks of leave during any twelve-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."   29 U.S.C. § 2612(a)(1)(D).   The Act defines a "serious health condition" as an illness, injury, impairment, or physical or mental condition that involves: (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider.   29 U.S.C. § 2611(11).

As with her disability claims, the Plaintiff has made no specific allegation as to the nature of the "serious health condition" from which she allegedly suffers.   The Complaint is devoid of any allegations suggesting that the Plaintiff suffers from any type of "an illness, injury, impairment, or physical or mental condition."   While the Complaint notes that the Plaintiff's "disability required her to undergo spinal cord stimulator surgery", there are no facts from which to even glean what the Plaintiff's disability was.   Compl. ¶ 5.   As the Plaintiff has failed to plead facts establishing that she suffered from a "serious health condition", her FMLA claims must fail as a matter of law.

4. The Plaintiff Has Failed to State A Claim for FMLA Interference (Count V) Upon Which Relief Can be Granted.

13

The FMLA establishes two distinct sets of rights: "prescriptive" rights creating substantive entitlements, and "proscriptive" rights providing protection for their exercise. *Colburn v. Parker Hannifin,* 429 F.3d 325, 330 (1st Cir. 2005). As to the first category, 29 U.S.C. § 2612(a)(1)(D) entitles an eligible employee to twelve work weeks of leave that may be taken intermittently for "a serious health condition." With limited exceptions, any employee who takes such a leave "shall be entitled, on return from such leave - (A) to be restored by the employer to the [previous] position . . . or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(A), (B).

For an interference-type claim, a plaintiff must show that: (1) she was an "eligible employee" under the FMLA; (2) the employer was a "covered employer" under the FMLA; (3) the plaintiff gave her employer adequate notice of her request for protected leave; (4) for a covered reason; and (5) she was not returned to an equivalent position at the end of her leave. *Furtado,* 820 F.Supp.2d at 280 (D. Mass. 2011).

Here, in addition to the pleading defects already noted, the Plaintiff cannot meet her burden of establishing the fifth element of an FMLA-interference claim. The allegations contained in the instant Complaint prove that the Plaintiff was returned to her position following the leave. Therefore, the facts support the Defendant's defense as to this claim as they confirm that the Plaintiff requested and was granted leave and was subsequently returned to work after that leave. Compl. ¶¶ 11-13 (alleging that the Plaintiff went out on leave on April 22, 2014, the leave was subsequently extended for two weeks and the Plaintiff was thereafter returned to work on May 21, 2014). The Complaint is lacking allegations to support a claim that the Plaintiff's FMLA rights were interfered with in any way. The elimination of the Plaintiff's job after she

14

returned from her FMLA leave is irrelevant to a claim of FMLA interference.  As such, the

Plaintiff's claim for FMLA interference (Count V) must fail as a matter of law.[3]

> **D.     All of the Plaintiff's Claims Under Chapter 151B (Counts VII, VIII, IX, and X) Should be Dismissed as the Plaintiff Has Failed to Plead Facts Establishing that she is Entitled to Relief Under Chapter 151B.**

> 1. <u>Plaintiff Has Not Alleged Facts Sufficient to Establish  She is "Handicapped" as Defined by 151B.</u>

Chapter 151B is the Massachusetts analogue to the ADA and the definitions of

"disability" under the ADA and "handicapped" under Chapter 151B are "virtually identical."

*Sensing v. Outback Steakhouse of Florida, LLC,* 575 F.3d 145, 153-54 (1st Cir.2009).  Courts

generally interpret Chapter 151B claim in accordance with federal case law interpreting the

ADA.  *Davenport v. Natgun Corp.*, 941 F. Supp. 2d 141, 144 (D. Mass. 2013) (citing *Sensing*,

575 F.3d at 153–54).  As such, the Defendant reasserts and incorporates herein the arguments

presented in Section IV.A.1. of this Memorandum regarding the Plaintiff's failure to establish

that she is "disabled".  The Defendant respectfully requests that the Plaintiff's disability claims

under state law be dismissed on the same grounds as her claims under federal law.

> 2. <u>Plaintiff Has Not Alleged Facts Sufficient to Establish the Defendant is an "Employer" as Defined by 151B.</u>

---

[3] Additionally, the FMLA right to reinstatement does not entitle the employee to "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken leave." 29 U.S.C. § 2614(a)(3); s*ee also* 29 C.F.R. 825.216 ("An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period.").  "In other words, an employer need not reinstate an employee who would have been laid off or terminated even if he had not taken FMLA leave." *Sampson v. Arbour-Fuller Hosp.*, No. CIV.A. 11-10487-RWZ, 2012 WL 5386099, at *12 (D. Mass. Nov. 2, 2012) (citing *Pharakhone v. Nissan North America, Inc.,* 324 F.3d 405, 406 (6th Cir.2003); *Gunnell v. Utah Valley State Coll.,* 152 F.3d 1253, 1262 (10th Cir.1998)).  Had the Plaintiff's position been eliminated before she returned from her FMLA leave, she would not have been entitled to reinstatement.  That her position was eliminated after her return does not amount to interference.

Massachusetts General Laws Chapter 151B makes it an unlawful practice "[f]or any employer . . . to . . . refuse to hire . . . or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation . . . ." G.L.c. 151B, § 4(16). Chapter 151B defines the statutory term "employer" as not encompassing a corporation with fewer than six employees. MASS. GEN. LAWS ch. 151B, § 1(5).[4]

Nowhere in the Plaintiff's Complaint has she established that the Defendant is an employer as defined by Chapter 151B. The Plaintiff makes no reference to the amount of employees employed by Mestek and, as such, she has failed to establish an element of her claim and her claims under Chapter 151B must be dismissed.

3. Plaintiff Has Failed to State a Claim of Disability Harassment Upon Which Relief Can be Granted.

Similarly to federal law, claims for hostile work environment harassment under Chapter 151B require a Plaintiff to show that the "conduct alleged was sufficiently severe and pervasive to interfere with a reasonable person's work performance." *Cook v. Entergy Nuclear Operations, Inc.*, 948 F. Supp. 2d 40, 43 (D. Mass. 2013) (citing *Muzzy v. Cahillane Motors, Inc.,* 434 Mass. 409, 411, 749 N.E.2d 691 (2001).[5] To that end, the Defendant reasserts and incorporates herein the arguments presented in Section IV.A.3. of this Memorandum. regarding

---

[4] "The term 'employer' does not include . . . any employer with fewer than six persons in his employ . . . ." MASS. GEN. LAWS ch. 151B, § 1(5).

[5] It is unclear whether Massachusetts law recognizes a claim for a hostile work environment based on handicap. *See Barton v. Clancy*, 632 F.3d 9, 20 (1st Cir. 2011) (noting that "the SJC has not specifically confirmed that Massachusetts recognizes a claim for a hostile work environment based on handicap under ch. 151B, § 4(16)"); *Lukacinsky v. Panasonic Serv. Co.*, No. CIV.A.401410FDS, 2004 WL 2915347, at *19 (D. Mass. Nov. 29, 2004). ("Although the issue is not free from doubt, Massachusetts apparently recognizes a claim for hostile work environment for handicap discrimination under Mass. Gen. Laws ch. 151B, § 4(16).").

the Plaintiff's failure to plead sufficient facts to support a claim for hostile work environment harassment based on her disability.

**E.     All of the Plaintiff's State Law Claims (Counts VI, VII, VIII, IX and X), Should be Dismissed as She has Failed to Meet Her Burden of Establishing Subject Matter Jurisdiction of this Court Over Those Claims.**

Although, in considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed favorably to the pleader, it is plaintiff's burden to prove the existence of subject matter jurisdiction. *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995), *cert. denied,* 515 U.S. 1144 (1995).

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for "[f]ederal-question" jurisdiction, and § 1332, which provides for "[d]iversity of citizenship" jurisdiction.  A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Federal Constitution or laws. *See Bell v. Hood,* 327 U.S. 678, 681-85 (1946).  A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 28 U.S.C. 1332(a).[6]

To establish jurisdiction, the Plaintiff has indicated the following in her Complaint: "This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise.  There are federal questions of law and the amount in controversy is in excess of $75,000.00.  The Plaintiff's claims are brought under the Americans with Disabilities Act, as amended, and the Family and Medical Leave Act."  Compl. ¶ 3.

---

[6] The Plaintiff is apparently attempting to assert diversity of citizenship jurisdiction.  Although the amount in controversy in this case may exceed $75,000, it is clear that there is no diversity of citizenship of the parties as required by § 1332.  All Parties to the lawsuit are residents of Massachusetts. (Compl. ¶¶ 1-2).

While the Plaintiff has arguably established this Court's jurisdiction over her claims arising under federal law, nowhere in her Complaint has she alleged any basis whatsoever for this Court's jurisdiction over claims arising under Massachusetts state law (Counts VI, VII, VIII, IX and X).  As the Plaintiff has failed to meet her burden of establishing this Court's jurisdiction over the state law claims, such claims should be dismissed.

## V.      CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court dismiss the Plaintiff's Complaint in its entirety.

Respectfully submitted,

The Defendant,

MESTEK, INC.

By their Attorney,

*/s/ Kate R. O'Brien*
Meghan B. Sullivan, Esq. – BBO No.: 635265
Kate R. O'Brien, Esq. – BBO No.:  679999
SULLIVAN, HAYES & QUINN, LLC
One Monarch Place – Suite 1200
Springfield, MA 01144-1200
Tel. (413) 736-4538
Fax (413) 731-8206
E-mail:  Kate.O'Brien@sullivanandhayes.com
Meghan.Sullivan@sullivanandhayes.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of June, 2015, I electronically filed the *Defendant Mestek, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered participants:

Michael O. Shea, Esq.
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA  01095
E-mail:  owenshea@aol.com

/s/ Kate R. O'Brien
Meghan B. Sullivan, Esq.
Kate R. O'Brien, Esq.

19