**Exhibit 1**

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Mestek, Inc.
Human Resources/Legal Department
260 North Elm Street
Westfield, MA 01085

Person Filing Charge:
This Person (Check One):

Date of Alleged Violation:
Place of Alleged Violation:
EEOC Charge Number:
MCAD Docket Number:

Katie A King
(x) Claims to be aggrieved
( ) Is filing on behalf of

06/02/14
Hampden, MA
16C-2014-01712
14SEM01410

## NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS
(See Attached Information Sheet For Additional Information)

You are hereby notified that a charge of employment discrimination under
[ ] Title VII of the Civil Rights Act of 1964
[ ] The Age Discrimination in Employment Act of 1967 (ADEA)
[x] The Americans Disabilities Act (ADA)

Has been received by
[ ]    The EEOC and sent for initial processing to    MCAD
                                                       (FEP Agency)

[x]    The Mass. Commission Against Discrimination
       (FEP) Agency and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X]    As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]    An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

[X]    Enclosure: Copy of the Charge

| Basis of Discrimination | | | | |
|---|---|---|---|---|
| ( ) Race | ( ) Color | ( ) Sex | ( ) Religion | ( ) National Origin |
| ( ) Age | (x) Disability | (x) Retaliation | ( ) Other | |

Circumstances of alleged violation:
SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|---|---|---|
| 6/5/2014 | Robert L. Sanders, Director | |

**KK-000090**

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
436 Dwight Street, Rm. 220 , Springfield, MA 01103
Phone: (413) 739-2145 Fax: (413) 784-1056

MCAD DOCKET NUMBER: 14SEM01410
FILING DATE: 06/05/14

EEOC/HUD CHARGE NUMBER: 16C-2014-01712
VIOLATION DATE: 06/02/14

Name of Aggrieved Person or Organization:
Katie A King
82 Calumet Road
Holyoke, MA 01040
Primary Phone: (413)533-4168

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
Mestek, Inc.
Human Resources/Legal Department
260 North Elm Street
Westfield, MA 01085
Primary Phone: (413)568-9371
No. of Employees: 25+

Cause of Discrimination based on:
Disability, (spinal surgery); Retaliation.

The particulars are:
I, Katie A King, the Complainant, believe that I was discriminated against by Mestek, Inc., on the basis of Disability, (spinal surgery), and in retaliation. This is in violation of M.G.L. c. 151B, Section 4, Paragraphs 4 and 16, and ADA.

1. I hired by the Mestek Inc. in July of 2012, as an assistant controller. My work performance has always been satisfactory.

2. On March 24, 2014, I informed HR and my supervisor, Mr. Zambelli that I was to have spinal surgery on April 22, 2014. My FMLA leave was approved. During the interim I worked with a coworker, Jeanne Moriarty, to make sure that my duties would be taken care of during my leave.

3. On April 21, 2014, I emailed Ms. Moriarty to inform her that I was leaving. Her reply was threatening and it made me uncomfortable about leaving. I then went to Mr. Zambelli and told him that I was worried about responding to the email. Mr. Zambelli told me that while I was to make myself available 24 hours a day throughout my leave. After this I felt that they were going to be after my job.

4. I discussed the situation with Matt Brown from HR over the phone and told him that I felt my job was threatened. Mr. Brown informed me not to give them information and that if they wanted to get in contact with me they would have to do so through HR.

5. On April 22, 2014, I went into surgery. The original duration of my leave was supposed to be two (2) weeks, but after the check up with my physician he extended my leave for an additional two (2) weeks. The physician also gave me restrictions of no bending, lifting, or stretching.  I kept up with my weekly check-ins with my employer as stipulated by my FMLA agreement. My employer notified me that I needed to provide documentation from my physician which I faxed over and brought supporting paperwork on my return date.

6. When I returned to work on May 21, 2014, Mr. Zambelli would not speak to me. Some of the other coworkers would not speak to me either.

7. On June 2, 2014, I was asked to come to a meeting with Vice President, Joann Berwald, and Mr. Zambelli, at which time they told me my position had been eliminated. They asked me to sign a separation agreement that would remove my insurance benefits. A week before this, I, along with my employer who is a self-insured company, rece... ...ion

KK-000091

**Exhibit 1**

8. I know other coworkers who have had maternity leave and they were allowed to work from home and returned to their positions with no issues. My prescriptions cost is $400 dollars and I am required to pay out a large amount before my insurance takes over payments. I believe that I was unfairly terminated because of my disability and because it was costing the company through insurance costs.

For all the reasons stated above, I believe I have been discriminated against based on my disability and in retaliation.

I hereby verify, under the pains and penalties of perjury, that I have read this complaint and the allegations contained herein are true to the best of my knowledge.

_Katie A King_
(Signature of Complainant)

**KK-000092**