UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:15-cv-30071-MGM

KATIE KING,

    Plaintiff

v.

MESTEK, INC.,

    Defendant

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Katie King ("Plaintiff" hereinafter), is a natural person currently residing at 82 Calumet Road, Holyoke, Hampden County, Massachusetts.

2. The Defendant, Mestek, Inc. ("Defendant" hereinafter), is a corporation with a principal place of business located at 260 North Elm Street, Westfield, Hampden County, Massachusetts.

### Jurisdiction

3. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise. There are federal questions of law and the amount in controversy is in excess of $75,000.00. The Plaintiff's claims are brought under the Americans with Disabilities Act, as amended, and the Family Medical Leave Act. This Court has supplemental jurisdiction over the state law claims brought under M.G.L. c. 151B pursuant to 28 U.S.C. § 1367.

## Facts

4. The Plaintiff was hired by the Defendant in or about July of 2012. The Plaintiff worked as a full-time assistant controller at the Defendant's principal office location in Westfield, Massachusetts.

5. The Defendant is a corporation with a principal place of business located at 260 North Elm Street, Westfield, Hampden County, Massachusetts. During the Plaintiff's employment at the Defendant, the Defendant employed more than fifty employees. The Defendant is an employer as defined by the FMLA.

6. The Plaintiff never received any form of reprimand and performed her job responsibilities well throughout the course of her employment with the Defendant.

7. In or about September of 2012, the Plaintiff sustained an injury to her right foot. As a result of the injury, the Plaintiff experienced chronic and severe pain in her right foot. This, in turn, affected the Plaintiff's ability to walk and stand. The Plaintiff was unable to walk without the use of crutches and was also restricted to wearing a walking air cast on her right foot for approximately six months thereafter.

8. Shortly thereafter, it was determined that the Plaintiff's injury had triggered the onset of a medical condition. The Plaintiff was diagnosed with Complex Regional Pain Syndrome ("CRPS") in or about March of 2013. Caused by damage or malfunction of the central and peripheral nervous systems, CRPS causes the Plaintiff to experience severe and chronic pain.

9. This medical condition affects the Plaintiff's daily life activities (as set forth in Paragraphs 7, 21, 28 and 29 and as otherwise set forth in this Complaint) and amounts to a disability/handicap under state and federal law.

10. In an attempt to control the pain, the Plaintiff was prescribed pain medication and underwent multiple injections.

11. In or about 2013, the Plaintiff was offered an open position in the Defendant's cost department. Having been assured that her position at the Defendant was not going anywhere, the Plaintiff declined the offer.

12. In or about February of 2014, the CRPS began to spread up the Plaintiff's right leg. Concerned that the CRPS would soon spread to all of the Plaintiff's limbs, the Plaintiff's physician had her undergo a trial, in or about February of 2014, with a spinal cord stimulator and then scheduled her to undergo surgery to insert the same on or about April 22, 2014.

13. The Plaintiff immediately, on or about March 24, 2014, informed both the Defendant's human resources department and her supervisor, Timothy Zambelli, that she was scheduled to undergo surgery on April 22, 2014. The Plaintiff requested an accommodation in the form of time off from work in order to undergo the surgery and to heal from the same.

14. Having been employed at the Defendant in a full-time position for almost two years and needing to take time off due to her own serious medical condition, the Plaintiff was eligible to take her medical leave of absence under the FMLA. The Plaintiff's FMLA leave was approved by the Defendant.

15. During the interim, the Plaintiff worked with a co-worker, Jeanne Moriarty, at the Defendant, to make sure that all of the Plaintiff's job duties had been taken care of before going out on her medical leave of absence.

16. On or about April 21, 2014, the Plaintiff emailed Ms. Moriarty to ask her a question on a particular allocation that had just been brought to the Plaintiff's attention that day. The Plaintiff requested Ms. Moriarty's assistance with the allocation and simultaneously informed Ms. Moriarty that it was her last day at work before her medical leave of absence. In response, Ms. Moriarty stated, in part, that the Plaintiff would have some "reconciliation work" to do upon her return from her medical leave of absence. Ms. Moriarty's email made the Plaintiff feel harassed and threatened which, in turn, made the Plaintiff uncomfortable about taking a medical leave of absence.

17. The Plaintiff reported Ms. Moriarty's email to Mr. Zambelli. But instead of responding to the Plaintiff's concern, Mr. Zambelli instructed the Plaintiff, in a threatening manner, that she had to be on-call twenty-four hours a day during the duration of her medical leave of absence. According to Mr. Zambelli, being "on-call" required the Plaintiff to answer any questions anyone at the Defendant may have and to come in to the office when necessary. The Plaintiff informed Mr. Zambelli that she would not be able to drive after the surgery and that this was part of the reason why she required a medical leave of absence. Without acknowledging the Plaintiff's concern, Mr. Zambelli reiterated that the Plaintiff was to be available as needed during her medical leave. The Plaintiff again was harassed and threatened. Mr. Zambelli was essentially stating that if the Plaintiff did not comply with his demands that she would lose her job at the Defendant. The Plaintiff began to worry about her job security at the Defendant.

18. The Plaintiff then discussed the situation with Matt Brown, human resources manager for the Defendant, over the telephone. The Plaintiff informed Mr. Brown that she was being harassed by both Ms. Moriarty and Mr. Zambelli based upon her disability and request

for accommodation, including leave under the FMLA, and that her job was threatened. Mr. Brown informed the Plaintiff that she should not give any information to anyone in the Defendant's accounting department, including Mr. Zambelli, and that if they wanted to get in contact with her while she was out on medical leave that they would have to do so through the Defendant's human resource department. Mr. Brown reassured the Plaintiff that her job was not in jeopardy.

19. On or about April 22, 2014, the Plaintiff went into surgery. The surgery entailed the insertion of a spinal cord stimulator, an electrical generator, which emits electrical currents to the spinal column in an attempt to mitigate the chronic pain. The original expected duration of the Plaintiff's medical leave of absence was two weeks; however, after a follow-up appointment with her physician, the Plaintiff's physician determined that she would require an additional two weeks of medical leave.

20. The Plaintiff continued to check in with the Defendant on a weekly basis thereafter and provided additional documentation from her physician upon the Defendant's request.

21. The Plaintiff's physician issued the Plaintiff restrictions of no bending, lifting or stretching which were to remain in place for the following three to four months (i.e., until July/August of 2014). These restrictions were included in the Plaintiff's release to work form which the Defendant required prior to the Plaintiff's return to work.

22. The Plaintiff returned to work on or about May 21, 2014. Upon the Plaintiff's return to work, a list of job responsibilities that needed to be completed for the following month of June had been left on her desk. The Plaintiff attempted to perform the duties contained on the list, however, Mr. Zambelli and the Plaintiff's co-workers significantly interfered with the Plaintiff's ability to perform her job functions after her return to work. The

Plaintiff's co-workers and Mr. Zambelli refused to speak to her. There are other examples of the hostile work environment as well.

23. The "silent treatment" continued through June 2, 2014, when the Plaintiff was asked to attend a meeting with the Defendant's vice president, Joann Berwald, and the Plaintiff's supervisor, Mr. Zambelli.

24. During said meeting, Ms. Berwald and Mr. Zambelli informed the Plaintiff, without any further explanation, that her position had been eliminated and requested that the Plaintiff sign a separation agreement. Ms. Berwald and Mr. Zambelli also stated during this meeting that "everything [they were] doing [was] legal."

25. The Plaintiff has no knowledge of any other positions at the Defendant having been eliminated. While the Plaintiff was out on medical leave, the Defendant had filled the open position in the cost department.

26. Upon information and belief, another staff accountant (without a disability) at the Defendant continued to perform the Plaintiff's job responsibilities after the termination of the Plaintiff's employment.

27. A week prior to the afore-mentioned meeting, the Plaintiff's insurance company had submitted an Explanation of Benefits (EOB) to both the Plaintiff and the Defendant, a self-insured company.

28. The Plaintiff must use the spinal cord stimulator twenty-four hours a day, seven days a week in order to control the Plaintiff's chronic and severe pain and to keep it from spreading any further.

29. Notwithstanding the spinal cord stimulator, the Plaintiff still suffers from chronic and severe pain caused by CRPS. The Plaintiff still experiences chronic pain in her lower

back and has periodic "flare-ups" in her right foot and leg as well. The Plaintiff's neurological system and ability to walk, stand, and sleep are substantially limited and continue to be affected by CRPS to date.

30. The Plaintiff has satisfied the prerequisites to filing suit.

## Count I
### (Americans with Disabilities Act ("ADA") – Real or Perceived Disability Discrimination – 42 U.S.C. § 12101 et. seq.)

31. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

32. The Plaintiff is a qualified disabled/handicapped person.

33. The Plaintiff was treated adversely and was discriminated against based upon her disability/handicap.

34. The Plaintiff requested reasonable accommodations for her disability/handicap and was discriminated against based upon the same.

35. The Plaintiff's employment with the Defendant was adversely affected based upon the Plaintiff's disability/handicap.

36. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Katie King, respectfully requests a judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to the ADA.

## Count II
### (ADA – Real or Perceived Disability Harassment – 42 U.S.C. § 12101 et. seq.)

37. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

38. The Plaintiff is a qualified disabled/handicapped person.

39. The Plaintiff was treated adversely and was harassed based upon her disability/handicap.

40. The Plaintiff requested reasonable accommodations for her disability/handicap and was harassed based upon the same.

41. The Plaintiff's employment with the Defendant was adversely affected based upon the Plaintiff's disability/handicap and requests for reasonable accommodation. The Plaintiff suffered a hostile work environment.

42. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this harassing conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Katie King, respectfully requests a judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to the ADA.

## Count III
(ADA – Denial of Reasonable Accommodations – 42 U.S.C. § 12101 et. seq.)

43. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

44. The Plaintiff is a qualified disabled/handicapped person.

45. The Plaintiff was treated adversely because of her disability/handicap.

46. The Plaintiff requested reasonable accommodations for her disability/handicap, and the Defendant denied the Plaintiff those requested accommodations and took adverse action against the Plaintiff for requesting the same.

47. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability/handicap.

48. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Katie King, respectfully requests a judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to the ADA.

## Count IV
### (ADA – Retaliation – 42 U.S.C. § 12101 et. seq.)

49. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

50. The Plaintiff was treated adversely because of her disability/handicap and requests for accommodations for the same.

51. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability/handicap status and requested accommodations.

52. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory, harassing and retaliatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Katie King, respectfully requests a judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to the ADA.

## Count V
### (Family and Medical Leave Act ("FMLA") – Interference - 29 U.S.C. § 2611 et. seq.)

53. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

54. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's requests for leave and for her invoking her rights under the FMLA.

55. The Plaintiff was severely and adversely affected by the conduct of the Defendant and the failure of the Defendant to take reasonable steps to ensure that the Plaintiff's FMLA rights were made available to her.

56. The conduct of the Defendant amounts to a clear intentional and willful violation of the relevant provisions of the FMLA as cited above.

WHEREFORE, the Plaintiff, Katie King, respectfully requests a judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to the relevant provisions the FMLA.

## Count VI
### (FMLA – Retaliation - 29 U.S.C. § 2611 et. seq.)

57. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

58. The Plaintiff believes that she was terminated based upon her attempts to invoke her rights under the FMLA.

59. The Plaintiff was severely and adversely affected by the conduct of the Defendant and the failure of the Defendant to take reasonable steps to ensure that the Plaintiff's rights were made available to her under the FMLA.

60. The conduct of the Defendant amounts to intentional and willful violations of the FMLA.

WHEREFORE, the Plaintiff, Katie King, respectfully requests judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to the relevant provisions of the FMLA.

## Count VII
### (M.G.L. c. 151B – Real or Perceived Handicap Discrimination)

61. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

62. The Plaintiff is a qualified disabled/handicapped person.

63. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's real or perceived disability/handicap.

64. The Plaintiff was treated adversely and was discriminated against based upon her disability/handicap.

65. The Plaintiff requested reasonable accommodations for her disability/handicap and was discriminated against based upon the same.

66. The Plaintiff's employment with the Defendant was adversely affected based upon the Plaintiff's disability/handicap.

67. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Katie King, respectfully requests a judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to M.G.L. c. 151B.

### Count VIII
### (M.G.L. c. 151B – Real or Perceived Handicap Harassment)

68. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

69. The Plaintiff is a qualified disabled/handicapped person.

70. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's real or perceived disability/handicap.

71. The Plaintiff was treated adversely and was harassed based upon her disability/handicap.

72. The Plaintiff requested reasonable accommodations for his disability/handicap and was harassed based upon the same.

73. The Plaintiff's employment with the Defendant was adversely affected based upon the Plaintiff's disability/handicap. The Plaintiff suffered a hostile work environment.

74. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this harassing conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Katie King, respectfully requests a judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to M.G.L. c. 151B.

### Count IX
### (M.G.L. c. 151B – Denial of Reasonable Accommodations)

75. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

76. The Plaintiff is a qualified disabled/handicapped person.

77. The Plaintiff was treated adversely because of her disability/handicap.

78. The Plaintiff requested reasonable accommodations for her disability/handicap, and the Defendant denied her requests for accommodation and took adverse action against the Plaintiff for requesting such accommodations and terminated the Plaintiff's employment.

79. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability/handicap and requested reasonable accommodations.

80. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Katie King, respectfully requests a judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to M.G.L. c. 151B.

## Count X
## (M.G.L. c. 151B – Retaliation)

81. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

82. The Plaintiff was treated adversely, harassed and discriminated and retaliated against by the Defendant based upon her disability/handicap as well as her requested accommodations for her disability/handicap.

83. The Plaintiff resisted the adverse action and discriminatory and harassing conduct based upon her disability/handicap and requested accommodations for her disability/handicap and the Plaintiff's employment with the Defendant was otherwise adversely affected in retaliation for her resistance.

84. The Plaintiff's approximately two year tenure of employment with the Defendant was terminated and the Plaintiff's employment with the Defendant was otherwise adversely affected.

85. The Plaintiff was severely and adversely affected by the conduct of the Defendant and the failure of the Defendant to take reasonable steps to ensure that this harassing, discriminatory and retaliatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Katie King, respectfully requests a judgment against the Defendant, Mestek, Inc., and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL AGAINST THE DEFENDANT ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND OTHERWISE.**

Respectfully submitted,

The Plaintiff
KATIE KING
By Her Attorney

/s/ Michael O. Shea                    Dated: July 14, 2015
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone No. (413) 596-8005
Facsimile No. (413) 596-8095
Email: owenshea@aol.com

## CERTIFICATE OF SERVICE

I, Michael O. Shea, Esq., hereby certify that on this 14th day of July, 2015, I served the foregoing document by electronic filing through the ECF system to Counsel of Record for the Defendant.

/s/ Michael O. Shea
Michael O. Shea