UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  3:15-cv-30071-MGM

_____

KATIE KING,                                        )
                                                   )
                       Plaintiff,                  )
                                                   )
              v.                                   )
                                                   )
MESTEK, INC.,                                      )
                                                   )
                       Defendant.                  )        Dated:  August 4, 2015
_____

**DEFENDANT MESTEK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT**

I.     **INTRODUCTION**

       This case arises out of the Plaintiff, Katie King's (hereinafter the "Plaintiff" or "King")

previous employment at the Defendant, Mestek, Inc. (hereinafter "Mestek" or "Defendant").

       As articulated more fully herein, Mestek moves to certain claims alleged against it on

various grounds, including without limitation, pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).[1]   Specifically, the Plaintiff has failed to meet the minimum pleading

standards articulated in *Twombly-Iqbal*, requiring her to plead facts sufficient to allege a

plausible entitlement to relief.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v.

Twombly,* 550 U.S. 544, 559 (2007).  Furthermore, this Court lacks subject matter jurisdiction

---

[1] As also noted in its Motion filed herewith, although the Defendant has only moved to dismiss Counts II, III, V, VI, VII, and IX (but not Counts I, IV, VII, or X), it is not filing an Answer as to the Counts it has not moved to dismiss in light of this Court's opinion in *Barthelmes v. Kimberly-Clark Corporation*, "that filing a motion to dismiss and an answer at the same time is technically improper."  No. CIV.A. 13-30164-MGM, 2015 WL 1431156, at *1 (D. Mass. Mar. 27, 2015) (citing Fed.R.Civ.P. 12(b) (defenses "must be made before pleading")); *see also Beebe v. Williams College,* 430 F.Supp.2d 18, 21 (D. Mass. 2006) (noting that it is improper to simultaneously move to dismiss pursuant to Fed.R.Civ.P. 12(b) and file an answer because such motion should be filed before a response pleading).

over certain claims, based on the Plaintiff's failure to exhaust her administrative remedies as to those claims.  As such, the Defendant respectfully requests that this Court dismiss Counts II, III, V, VI, VII, and IX of the Plaintiff's Amended Complaint for failure to state a claim and/or lack of subject matter jurisdiction.

## II.   ALLEGED FACTS[2]

The Plaintiff was employed by the Defendant as an assistant controller from approximately July 2012 to June 2, 2014, when her position was eliminated.  Plaintiff's Amended Complaint (Dkt. No. 13, hereinafter "Am. Compl.") ¶¶ 4, 24.

The Plaintiff was scheduled to have spinal surgery on April 22, 2014, which required her to take time off from work. Am. Compl. ¶ 13.  As a result, the Plaintiff requested leave under the Family and Medical Leave Act ("FMLA").  Am. Compl. ¶ 14.  The Defendant approved the Plaintiff's request for leave and the Plaintiff took leave from work for the period of April 22, 2014 through May 21, 2014.  Am. Compl. ¶¶ 14, 19, 22.  The Plaintiff makes no allegation that her request for FMLA leave was denied in any way, that she was otherwise prevented from taking FMLA leave or that she was not restored to her position at the conclusion of her FMLA leave.

The Plaintiff alleges that she emailed a coworker, Jeanne Moriarty, the day before she took her FMLA leave to ask Ms. Moriarty "a question on a particular allocation."  The Plaintiff alleges that Ms. Moriarty stated in her response "that the Plaintiff would have some reconciliation work" to do upon her return from  her medical leave of absence.  Am. Compl. ¶

---

[2] The Defendants treat the facts as alleged in the Plaintiff's Amended Complaint as true solely for the purposes of the instant Motion to Dismiss.

17. The Plaintiff alleges that she reported said email to her supervisor, Timothy Zambelli, who responded by instructing the Plaintiff to be on-call twenty-four hours a day during her FMLA leave. Am. Compl. ¶ 17.

The Plaintiff alleges that she then discussed her õsituationö with Matt Brown, the Defendantøs human resources manager, who allegedly told the Plaintiff that she should not give any information to anyone in the Defendantøs accounting department and that the accounting department would go through human resources if it needed to get in contact with the Plaintiff. Am. Compl. ¶ 18. Mr. Brown õ*reassured the Plaintiff that her job was not in jeopardy*.ö Am. Compl. ¶ 18. The Plaintiff makes no allegation that anyone from the Defendant contacted her during her FMLA leave or that she was actually required to be on-call during the leave.

The Plaintiff had initially been approved for an FMLA of two weeks. Am. Compl. ¶ 19. However, after a follow up visit with her physician, the Defendant extended the Plaintifføs leave for an additional two weeks. Am. Compl. ¶ 19. The Plaintiff returned to work on or about May 21, 2014. Am. Compl. ¶ 22.

Upon her return to work, the Plaintiff alleges that Mr. Zambelli and her coworkers õsignificantly interfered with the Plaintifføs ability to perform her job functions, including, but not limited to, refusing to speak to her.ö Am. Compl. ¶ 22. In support of this allegation, the Plaintiff baldly asserts that õ[t]here are other examples of the hostile work environment as well. Am. Compl. ¶ 22. The Plaintiff alleges that she was notified on or about June 2, 2014 that her position had been eliminated. Am. Compl. ¶ 24.

After Paragraph 29 of the Plaintifføs Amended Complaint, her remaining allegations are legal conclusions which are couched as fact. *See, e.g.*, Am. Compl. ¶ 32-36 (õ32. The Plaintiff is a qualified disabled/handicapped person. 33. The Plaintiff was treated adversely and was

discriminated against based upon her disability/handicap.  34. The Plaintiff requested reasonable accommodations for her disability/handicap and was discriminated against based upon the same. 35. The Plaintifføs employment with the Defendant was adversely affected based upon the Plaintifføs disability/handicap.ö).

Consistent with the conclusory nature of the majority of the allegations of her Amended Complaint, the Plaintiff baldly asserts that she õhas satisfied the prerequisites for filing suit.ö Am. Compl.  ¶ 30.  To be sure, the Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination (õMCADö) on June 5, 2014, which was also filed with the Equal Employment Opportunity Commission (õEEOCö).  *See* Exhibit 1.[3]

### III.   MOTION TO DISMISS STANDARD

Motions to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) test the sufficiency of the pleadings.  Thus, when confronted with a motion to dismiss, the Court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *Cooperman v. Individual, Inc.,* 171 F.3d 43, 46 (1st Cir. 1999).  Dismissal is only appropriate if the complaint, so viewed, fails to allege a õplausible entitlement to relief.ö *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Twombly*, 550 U.S. at 559).

---

[3] It is the Defendantøs position that the courtøs review of the Plaintifføs Charge of Discrimination (the õChargeö) filed with the MCAD, attached hereto, should not convert this Motion to Dismiss into a motion for summary judgment.  *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (õOrdinarily, of course, any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56. . . However, courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffsø claim; or for documents sufficiently referred to in the complaint.ö) (citations omitted); *Mena-Centeno v. Beth Israel Deaconess Med. Ctr.*, No. CIV.A. 13-12039-GAO, 2014 WL 7360418, at *1 (D. Mass. Dec. 23, 2014) (citing *Watterson*, 987 F.2d at 3) (õThe plaintifføs administrative charge was attached to the defendantsø memorandum and is part of the public record; it is therefore properly considered by this Court at the motion to dismiss stage.ö).  The Plaintifføs compliance with the procedural prerequisites to filing suit constitute a jurisdictional issue and thus, are properly before the Court at this stage.

Following the Supreme Court's decisions in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal,* whether a complaint should survive a motion to dismiss depends upon whether the pleading satisfies the õplausibilityö standard.  *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 559-60.  The First Circuit has made clear, õ[i]n resolving a motion to dismiss, a court should employ a two-pronged approach.ö  *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (applying *Iqbal* and *Twombly*).  õIt should begin by identifying and disregarding statements in the complaint that merely offer ÷legal conclusion[s] couched as . . . fact[ ]ø or ÷[t]hreadbare recitals of the elements of a cause of action.øö  *Id.* (quoting *Iqbal*, 556 U.S. at 678) (further citation omitted).  õA plaintiff is not entitled to ÷proceed perforceø by virtue of allegations that merely parrot the elements of the cause of action.ö  *Id.* (quoting *Iqbal*, 556 U.S. at 680).  The remaining õ[n]on-conclusory factual allegations in the complaint must be then treated as true, even if seemingly incredibleö and assessed to determine whether they õ÷allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.øö  *Id.* (quoting *Iqbal,* 556 U.S. at 678).  If they do, õthe claim has facial plausibility.ö  *Id.* (quoting *Iqbal,* 556 U.S. at 678).  õThe make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.ö  *Id.* (quoting *Sepúlveda–Villarini v. Dep't. of Educ. of P.R.,* 628 F.3d 25, 29 (1st Cir. 2010)).  õIf the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.ö  *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir.  2012) (quoting *SEC v. Tambone,* 597 F.3d 436, 442 (1st Cir. 2010)).

Additionally, in the employment discrimination context, the Supreme Court and this Circuit have held that, even with the heightened pleading standard of *Twombly-Iqbal*, õis not

necessary to plead facts sufficient to establish a prima facie case at the pleading stage.ö *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (citing *Swierkiewicz v. Sorema,* 534 U.S. 506, 512 (2002)).  However, õthe elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim.ö  *Id.* Though õ[t]here need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action,ö reference to the *prima facie* elements can help a court determine whether the õcumulative effect of the complaint's factual allegationsö is a plausible claim for relief. *Id.* at 55 (brackets omitted) (internal quotation marks omitted).  õThe bottom line is that ±the combined allegations, taken as true, must state a plausible, not merely conceivable, case for relief.øö *Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 718 (1st Cir. 2014) (quoting *Ocasio–Hernández,* 640 F.3d at 12).

IV.    **LEGAL ARGUMENTS**

      **A.**    **The Plaintiff's Claims for "Real or Perceived Disability/Handicap Discrimination" Under the Americans with Disabilities Act and Massachusetts General Laws Chapter 151 B (Counts II and VIII) Should Be Dismissed as She Has Failed to State a Claim for Harassment Upon Which Relief Can Be Granted.**

The Plaintiff has failed to state a claim upon which relief can be granted for harassment based on her disability.  To prevail on a claim of disability harassment, the Plaintiff must establish that: (1) she is disabled within the meaning of the ADA; (2) she was subjected to unwelcome harassment; (3) that the harassment was based upon her disability; (4) that the harassment was severe or pervasive enough to alter the conditions of her employment and create a hostile work environment; (5) that the objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it abusive and the victim in fact

did perceive it to be so, and (6) that some basis for employer liability has been established. *Whitlock v. Mac-Gray, Inc.*, No. CIV.A. 00-10546-GAO, 2002 WL 31432688, at \*3 (D. Mass. Oct. 30, 2002) *aff'd*, 345 F.3d 44 (1st Cir. 2003) (citing *O'Rourke v. City of Providence,* 235 F.3d 713, 728 (1st Cir. 2001); *Ward v. Mass. Health Research Inst.,* 48 F.Supp.2d 72, 80 (D.Mass.1999), *rev'd on other grounds,* 209 F.3d 29 (1st Cir.2000)).

To establish a hostile work environment, a plaintiff must show that her workplace was õpermeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of . . . her employment and create an abusive working environment.ö *Quiles-Quiles v. Henderson,* 439 F.3d 1, 7 (1st Cir. 2006) (alterations in original) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)) (internal quotation marks omitted). Case law is clear that õ simple teasing,ø offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employmentöö to establish an objectively hostile or abusive work environment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998) (citation omitted) (quoting *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75 (1998)).

Additionally, the Supreme Court has emphasized that the federal employment discrimination laws do not establish õa general civility codeö for the workplace. *Oncale,* 523 U.S. at 81. Rather, an employee claiming harassment must demonstrate that the hostile conduct was directed at her because of a characteristic protected by a federal anti-discrimination statute. *See id.* at 80; *Lee-Crespo v. Schering-Plough Del Caribe, Inc.,* 354 F.3d 34, 43 n.5 (1st Cir. 2003).

Similarly to federal law, claims for hostile work environment harassment under Chapter 151B require a Plaintiff to show that the õconduct alleged was sufficiently severe and pervasive

to interfere with a reasonable person¢s work performance.ö *Cook v. Entergy Nuclear Operations, Inc.*, 948 F. Supp. 2d 40, 43 (D. Mass. 2013) (citing *Muzzy v. Cahillane Motors, Inc.,* 434 Mass. 409, 411, 749 N.E.2d 691 (2001).[4]

The Plaintiff¢s allegations do not rise to the level of severity or pervasiveness that is indicative of a hostile or abusive work environment.  The Plaintiff alleges that one coworker sent an email that was õthreateningö and that upon her return to work, the Plaintiff¢s ability to perform her job functions was interfered with when her coworkers refused to speak to her.  Am. Compl. ¶¶ 16, 22.   Again, other than legal conclusions couched as fact, there are no other allegations that could potentially be construed as a workplace permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of her employment. *See, e.g.*,  Am. Compl. ¶ 39 (õThe Plaintiff was treated adversely and was harassed based upon her disability/handicap.ö).  The conduct alleged simply does not rise to the level of severity or pervasiveness required to support a hostile work environment harassment claim; the Plaintiff has not pled facts to suggests that the allegedly harassing conduct toward her was õobjectively offensive,ö and õsufficiently severe and pervasiveö such that a reasonable person would find it abusive. *See  Whitlock v. Mac-Gray, Inc.*, No. CIV.A. 00-10546-GAO, 2002 WL 31432688, at *3 (D. Mass. Oct. 30, 2002) *aff'd*, 345 F.3d 44 (1st Cir. 2003)

Additionally, the Plaintiff has pled no facts to support a finding that any unwelcome harassment that she allegedly experience was based on her alleged disability.  The Plaintiff makes no allegations whatsoever to connect the õharassmentö she allegedly suffered to her

---

[4] It is unclear whether Massachusetts law even recognizes a claim for a hostile work environment based on handicap. *Compare Barton v. Clancy*, 632 F.3d 9, 20 (1st Cir. 2011) (noting that õthe SJC has not specifically confirmed that Massachusetts recognizes a claim for a hostile work environment based on handicap under ch. 151B, § 4(16)ö) *with Lukacinsky v. Panasonic Serv. Co.*, No. CIV.A.401410FDS, 2004 WL 2915347, at *19 (D. Mass. Nov. 29, 2004). (õAlthough the issue is not free from doubt, Massachusetts apparently recognizes a claim for hostile work environment for handicap discrimination under Mass. Gen. Laws ch. 151B, § 4(16).ö).

alleged disability.  For example, the Plaintiff doesnøt cite any examples of comments regarding her alleged disability.  *Cf. Arrieta-Colon v. Wal-Mart Puerto Rico, Inc.*, 434 F.3d 75, 89 (1st Cir. 2006) (upholding a jury verdict for disability harassment where the Plaintiff  was subjected to õconstant mockery and harassment . . . due to his conditionö).  To the extent her coworkers treated her poorly, there is simply no allegation to support an inference that such treatment was based on the Plaintifføs disability.

As such, the Plaintifføs claims for harassment based on her disability under both state and federal law must be dismissed.

**B.      Plaintiff's Claims for Denial of Reasonable Accommodation Under the ADA and Chapter 151B (Counts III and IX) Should be Dismissed for Lack of Jurisdiction and/or for Failure to State a Claim Upon Which Relief Can be Granted.**

*1.      The Court Lacks Subject Matter Jurisdiction over the Reasonable Accommodation Claims Under State and Federal Law.*

õ[A] claimant who seeks to recover for an asserted violation of Title I of the ADA . . . first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits .ö *Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 278 (1st Cir. 1999); *see* 42 U.S.C. § 12203(c) (expressly adopting for the ADA the procedures set forth in Title VII).  Additionally, õChapter 151B require[s] an employee to file an administrative charge as a prerequisite to commencing a civil action for employment discrimination.ö *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir. 1996) (citing Mass. Gen. Laws ch. 151B, §§ 5-9). Civil complaints for employment discrimination are limited in scope to the charge filed with the MCAD and õ‡the investigation which can reasonably be expected to grow out of that charge.øö *Id.* (quoting *Powers v. Grinnell Corp.,* 915 F.2d 34, 38 (1st Cir.1990)).  õEven a *pro se* complainant is required to describe the

essential nature of the claim and to identify the core facts on which it rests.ö  *Id.* (citation omitted).  Where a Plaintiff fails to exhaust her administrative remedies, the court lacks subject matter jurisdiction over those claims.  *See Furtado v. Standard Parking Corp.*, 820 F.Supp.2d 261, 276 (D. Mass. 2011).

Here, the Plaintifføs MCAD charge focused exclusively on her allegations of disability discrimination and retaliation.  *See* Exhibit 1.  The Plaintiff did not assert any allegations that would even suggest that the Defendant failed to provide her with a reasonable accommodation.  *See id.*  As a result, Plaintiff did not give the MCAD an opportunity to perform its necessary function; it had no opportunity to investigate, receive notice or conciliate an alleged failure to accommodate Plaintiff's disability. Because a claim of reasonable accommodation was never before the MCAD, plaintiff has failed to exhaust her administrative remedies and this Court lacks jurisdiction over a reasonable accommodation claim.

This Court has previously held that where a Plaintifføs MCAD charge focuses exclusively on a claim of disability discrimination, an accommodation claim cannot reasonably be expected to grow out of the investigation of the discrimination claim.  *See* Furtado, 820 F.Supp.2d at 276 (finding that the Court did not have jurisdiction over the Plaintifføs reasonable accommodation claims as they were not within the scope of the MCAD charge, which was focused exclusively on disability discrimination); *see also Cook v. Entergy Nuclear Operations, Inc.*, 948 F. Supp. 2d 40, 47 (D. Mass. 2013) (dismissing a failure to accommodate claim where it was never alleged at the MCAD).   As such, the Plaintifføs failure to accommodate claims should be dismissed for lack of subject matter jurisdiction.

2. ***The Plaintiff Has Failed to State Claims for Denial of Reasonable Accommodations Upon Which Relief Can be Granted Under State and Federal Law.***

Notwithstanding the Plaintiff's failure to exhaust her administrative remedies, her claims for failure to accommodate must fail as a matter of law. To establish discrimination under a reasonable accommodation theory, a plaintiff must show: (1) she suffered from a disability as defined by the ADA and a handicap as defined by Chapter 151B; (2) she was a "qualified person" capable of performing the essential elements of her job with or without a reasonable accommodation; and (3) the employer knew of the disability but did not accommodate it upon a request. *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002). State law generally tracks its federal counterpart. *Jones v. Nationwide Life Ins. Co.*, 696 F.3d 78, 86 (1st Cir. 2012).

Examining the Plaintiff's Complaint, there is simply no allegation that could be construed as a failure by the Defendant to accommodate the Plaintiff. To the contrary, the Plaintiff alleges that she requested a medical leave, which the Defendant granted. Am. Compl. ¶ 14. Further, the Plaintiff's medical leave was extended by the Defendant, pursuant to her doctor's determination that she needed an additional two weeks of leave. Am. Compl. ¶ 19. To be sure, the Plaintiff returned to work on or about May 21, 2014, four weeks after she had gone on a leave of absence for her surgery. Am. Compl. ¶ 22.

There is not a single allegation contained in the Plaintiff's Amended Complaint that would support a finding that the Defendant failed to provide her with a requested accommodation. To the contrary, when the Plaintiff requested a leave of absence, she was granted one and when she needed an additional two weeks of leave, her request was accommodated. The allegations of the Plaintiff's Amended Complaint actually establish the Defendant's defense that it complied with its obligations to reasonably accommodate the Plaintiff under state and federal law. As a result, the Plaintiff's state and federal claims for denial of reasonable accommodation must fail as a matter of law.

**C.    The Plaintiff's Claim for FMLA Interference (Count V) Should be Dismissed as the Plaintiff Has Failed to State a Claim Upon Which Relief Can be Granted.**

"To prevail on an FMLA claim, an aggrieved worker must establish five things." *Wheeler v. Pioneer Developmental Servs., Inc.*, 349 F.Supp.2d 158, 164 (D. Mass. 2004). "First, the worker must establish that she fit the definition of an 'eligible employee.' Second, the worker must establish that she worked for an employer covered by the Act. Third, the worker has to show that she qualified for FMLA benefits for one of four statutory reasons. Fourth, the worker has to prove that she gave her employer appropriate notice. Finally, the worker has to establish that the employer denied her benefits to which the FMLA entitled her." *Id.* (citations omitted).

The FMLA establishes two distinct sets of rights: "prescriptive" rights creating substantive entitlements, and "proscriptive" rights providing protection for their exercise. *Colburn v. Parker Hannifin,* 429 F.3d 325, 330 (1st Cir. 2005). As to the first category, 29 U.S.C. § 2612(a)(1)(D) entitles an eligible employee to twelve work weeks of leave that may be taken intermittently for "a serious health condition." With limited exceptions, any employee who takes such a leave "shall be entitled, on return from such leave - (A) to be restored by the employer to the [previous] position . . . or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(A), (B).

For an interference-type claim, a plaintiff must show that: (1) she was an "eligible employee" under the FMLA; (2) the employer was a "covered employer" under the FMLA; (3) the plaintiff gave her employer adequate notice of her request for protected leave; (4) for a

12

covered reason; and (5) she was not returned to an equivalent position at the end of her leave. *Furtado,* 820 F.Supp.2d at 280 (D. Mass. 2011).

Here, the Plaintiff cannot meet her burden of establishing the fifth element of an FMLA-interference claim. The allegations contained in the Amended Complaint prove that the Plaintiff was returned to her position following the leave. Therefore, the facts support the Defendant's defense as to this claim as they confirm that the Plaintiff requested and was granted leave and was subsequently returned to work after that leave. Am. Compl. ¶¶ 19-22 (alleging that the Plaintiff went out on leave on April 22, 2014, the leave was subsequently extended for two weeks and the Plaintiff was thereafter returned to work on May 21, 2014).

Although the Plaintiff states that she subjectively "began to worry about her job security" shortly before her medical leave, she alleges that when she raised her concerns to the human resources manager, he "reassured [her] that her job was not in jeopardy." Am. Compl. ¶ 18. Events that occurred after the Plaintiff's return from leave could arguably give rise to a claim for FMLA retaliation; however, once the Plaintiff was afforded all her rights under the FMLA, she cannot allege a claim for interference. The Plaintiff cannot bootstrap an interference claim to her claims of retaliation – they are separate and distinct causes of action. The Amended Complaint is lacking allegations to support a claim that the Plaintiff's FMLA rights were interfered with in any way. The elimination of the Plaintiff's job after she returned from her FMLA leave is irrelevant to a claim of FMLA interference.[5] As such, the Plaintiff's claim for FMLA interference (Count V) must fail as a matter of law.

---

[5] Additionally, the FMLA right to reinstatement does not entitle the employee to "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken leave." 29 U.S.C. § 2614(a)(3); s*ee also* 29 C.F.R. 825.216 ("An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period.") "In other words, an employer need not reinstate an employee who

13

## V.   CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court dismiss Counts II, III, V, VI, VII, and IX of the Plaintiff's Amended Complaint.

<div style="margin-left: 40%;">

Respectfully submitted,

The Defendant,

MESTEK, INC.

By their Attorney,

*/s/ Kate R. O'Brien*

Meghan B. Sullivan, Esq. – BBO No.: 635265
Kate R. O'Brien, Esq. – BBO No.:  679999
SULLIVAN, HAYES & QUINN, LLC
One Monarch Place – Suite 1200
Springfield, MA 01144-1200
Tel. (413) 736-4538
Fax (413) 731-8206
E-mail:  Kate.O'Brien@sullivanandhayes.com
       Meghan.Sullivan@sullivanandhayes.com

</div>

---

would have been laid off or terminated even if he had not taken FMLA leave." *Sampson v. Arbour-Fuller Hosp.*, No. CIV.A. 11-10487-RWZ, 2012 WL 5386099, at *12 (D. Mass. Nov. 2, 2012) (citing *Pharakhone v. Nissan North America, Inc.,* 324 F.3d 405, 406 (6th Cir.2003); *Gunnell v. Utah Valley State Coll.,* 152 F.3d 1253, 1262 (10th Cir.1998)).  Had the Plaintiff's position been eliminated before she returned from her FMLA leave, she would not have been entitled to reinstatement.  That her position was eliminated after her return does not amount to interference.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2015, I electronically filed the *Defendant Mestek, Inc.'s Memorandum of Law in Support of Its Partial Motion to Dismiss the Plaintiff's Amended Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered participants:

Michael O. Shea, Esq.
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA  01095
E-mail:  owenshea@aol.com

*/s/ Kate R. O'Brien*
Meghan B. Sullivan, Esq.
Kate R. O'Brien, Esq.