UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:15-cv-30071-MAP

KATIE KING,

               Plaintiff

v.

MESTEK, INC.,

               Defendant

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LATE FILING OF ITS MOTION FOR SUMMARY JUDGMENT

### I.    INTRODUCTION

NOW COMES the Plaintiff, Katie King ("Plaintiff" hereinafter), and hereby respectfully requests that this Honorable Court deny the *Defendant's Motion for Late Filing of its Motion for Summary Judgment* (hereinafter "*Defendant's Motion*"). Although Plaintiff's Counsel is sympathetic toward Defendant's Counsel's situation, the Plaintiff must oppose the *Defendant's Motion*.

### II.    RELEVANT PROCEDURAL BACKGROUND

On or about January 28, 2016, an initial scheduling order was issued, and the summary judgment deadline was set for November 30, 2016. Then, on or about July 15, 2016, a joint motion to extend the discovery deadline was filed, in part, because the Parties did not have mutually agreeable dates available for depositions, and it also cited to Attorney Sullivan's lost time from work related to accommodations for her minor child. This joint motion to extend the discovery deadline was granted, but the summary judgment deadline remained November 30,

2016.  The Plaintiff noticed depositions for July 20, 2016 and September 6, 2016, but the Defendant was not available.  The Plaintiff agreed to reschedule these depositions to September 12, 2016, but Plaintiff's Counsel had to reschedule these depositions due to a hearing in another matter.  At that time, the Parties agreed to file a second joint motion to extend the deadlines, and the summary judgment deadline was extended to January 16, 2017.  The Parties then agreed to reschedule the depositions to October 20, 2016, pending Attorney Sullivan's availability with another previously scheduled matter.  Attorney Sullivan notified Plaintiff's Counsel a few days prior to October 20, 2016 that she would be unavailable for the depositions due to an unexpected family matter.  The Plaintiff provided available dates in November to reschedule the depositions, but the Defendant was not available.  Alternatively, the Defendant, aware of the January 16, 2017 summary judgment deadline, provided December 21, 2016 to reschedule the depositions, and the Plaintiff agreed to this date.  The depositions were completed on December 21, 2016 as scheduled.  Then, on or about January 12, 2017, a third joint motion was filed to extend the summary judgment deadline from January 16, 2017 to January 30, 2017 because the Defendant had only just received the deposition transcripts for the witnesses, who are notably within the Defendant's control, and wanted to allow the witnesses the opportunity to read and sign their transcripts.  This motion was granted, and the summary judgment deadline was reset for January 30, 2017.

On January 30, 2017 at about 9:00 p.m., which is three hours after the Defendant's summary judgment was due given the 6:00 p.m. deadline, the Defendant asked for the Plaintiff's assent to exceed the summary judgment memorandum page limit.  The Defendant filed a motion on January 30, 2017 to exceed this page limit, and this motion was denied without prejudice due to noncompliance with Local Rule 7.1.  After the summary judgment deadline, on February 2,

2017, the Defendant filed the *Defendant's Motion* at issue, which is the fourth extension requested in this matter. Notwithstanding the unfortunate circumstances, Plaintiff's Counsel must oppose the *Defendant's Motion*, considering the Plaintiff's interests.

### III.    ARGUMENT

Under Rule 6(b)(1)(B) of Fed. R. Civ. P., this Court may extend the time of a filing "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6. Since the Defendant has failed to show "excusable neglect," the Court should deny the *Defendant's Motion*.

In order to determine if the neglect is "excusable," courts consider four factors: (1) the prejudice to the non-moving party; (2) the length of delay and potential impact on judicial proceedings; (3) whether the delay is reasonable and within the control of the moving party; and (4) whether the moving party acted in good faith. *Pratt v. Philbrook*, 174 F.R.D. 230, 235–36 (D. Mass. 1997), *aff'd,* 141 F.3d 1150 (1st Cir. 1998). These factors are not weighed evenly, and the third factor, the reason for the delay, is given the most consideration. *Torrey v. Dep't of Elementary & Secondary Educ. Appeals*, 952 F. Supp. 2d 304, 306 (D. Mass. 2013). Additionally, "a court should *not* weigh whether a party should be penalized for his attorney's neglect." *Pratt*, 174 F.R.D. at 236.

In *Torrey*, the court held that the plaintiff, a pro se litigant, did not provide a satisfactory explanation for the delay to meet the excusable neglect standard. *Torrey* 952 F. Supp. 2d at 306–307. The plaintiff offered her daughter's one-day hospital visit, which occurred about one month prior to the deadline, as the reason for her late filing. *Id.* at 306. Although in this instant matter Defendant's Counsel had less notice—ten days—before she was aware of her family matter, Defendant's Counsel still had ample time to file a motion with the Court prior to the January 30,

2017 summary judgment deadline.  Additionally, this would be the fourth extension allowed in this matter; so Defendant's Counsel was fully aware of this upcoming deadline.  Despite the awareness of this upcoming deadline, Defendant's Counsel admitted that she did not file a motion in order to protect her family's privacy.  Although Plaintiff's Counsel respects that Defendant's Counsel would not want to publically disclose personal information, Defendant's Counsel had alternative options to request an extension before the deadline, such as filing a motion under seal.  Courts have recognized that counsel's personal tragedy or a medical condition is not automatically excusable neglect, but, "[r]ather, counsel also has a duty to communicate these issues to the court in a timely fashion." *Maroc Fruit Bd. S.A. v. M/V VINSON*, 285 F.R.D. 181, 183 (D. Mass. 2012).  Defendant's Counsel admittedly made a deliberate decision to attempt to file the summary judgment motion before the multiply-rescheduled deadline, rather than file a timely motion to extend the deadline.  Therefore, after having the opportunity to file for an extension and failing to do so, she should not be able to now claim excusable neglect or good cause after missing the deadline.

Defendant's Counsel also cites to erroneously using the wrong font and space settings, which resulted in exceeding the twenty page limit.  This error, however inadvertent, still does not constitute excusable neglect.  "A heavy workload and/or inattention of an attorney do not ordinarily constitute excusable neglect." *Deo-Agbasi v. Parthenon Grp.*, 229 F.R.D. 348, 349 (D. Mass. 2005).  Additionally, "inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect'." *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005).  In *Dimmitt*, the court emphasized that if counsel had difficulty meeting the summary judgment deadline, that counsel

4

could "simply have moved for an extension prior to its expiration, which could have been allowed under the more liberal 'good cause' or 'cause shown' standard." *Id*.

## IV.   CONCLUSION

For all of the foregoing reasons, the Plaintiff, Katie King, respectfully requests that the Court deny the *Defendant's Motion* in its entirety.

Respectfully submitted,

The Plaintiff
KATIE KING
By Her Attorney

/s/ Michael O. Shea                             Dated: February 8, 2017
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone No. (413) 596-8005
Facsimile No. (413) 596-8095
Email: owenshea@aol.com

## CERTIFICATE OF SERVICE

I, Michael O. Shea, Co-Counsel for the Plaintiff, hereby certify that on this 8th day of February, 2017, I served the foregoing document by electronic filing through the ECF system to Counsel of Record for the Defendants.

/s/ Michael O. Shea
Michael O. Shea

5